U.S. District and Bankruptcy Courts
for the District of Columbia
A TRUE COPY
ANGELA D. CAESAR, Clerk
By *Mancamun Gwon*
Deputy Clerk

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**

**Grand Jury Sworn in on March 13, 2025**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : **CRIMINAL NO.** |
| | : |
| v. | : **VIOLATIONS:** |
| | : |
| **AVERY RONNIE TAYLOR,** | : **21 U.S.C. § 846** |
| **Also Known As "Pac",** | : **(Conspiracy to Distribute and Possess** |
| **Also Known As "Lil Pac",** | : **with Intent to Distribute Four Hundred** |
| | : **Grams or More of a Mixture and** |
| **SAMUEL DIMITRI AKA** ▮ | : **Substance Containing a Detectable** |
| | : **Amount of Fentanyl)** |
| ▮▮▮▮▮▮▮▮ | : |
| | : **21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(vi)** |
| **Defendants.** | : **(Unlawful Possession with Intent to** |
| | : **Distribute Forty Grams or More of a** |
| | : **Mixture and Substance Containing a** |
| | : **Detectable Amount of Fentanyl)** |
| | : |
| | : **FORFEITURE:** |
| | : **21 U.S.C. §§ 853(a) and (p)** |

**I N D I C T M E N T**

Case: 1:25-cr-00166
Assigned To: Kollar-Kotelly, Colleen
Assign Date: 6/10/2025
Description: INDICTMENT (B)
Related Case No.: 23-cr-73 (CKK)

The Grand Jury charges that:

**COUNT ONE**

From on or about March 2021, and continuing until on or about June 10, 2025, within the

District of Columbia and elsewhere, the defendants, **AVERY RONNIE TAYLOR,  SAMUEL**

**DIMITRI AKA** ▮▮▮▮▮▮▮▮▮▮▮▮ did knowingly and willfully combine,

conspire, confederate and agree together and with other persons both known and unknown to the

Grand Jury, to unlawfully, knowingly and intentionally distribute and possess with intent to

distribute four hundred grams or more of a mixture and substance containing a detectable amount

of fentanyl, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States

Code, Sections 841(a)(1) and 841(b)(1)(A)(vi).

Quantity of Narcotics Reasonably Foreseeable to Each Defendant:

With respect to defendant **AVERY RONNIE TAYLOR,** his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved four hundred grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A)(vi).

With respect to defendant **SAMUEL DIMITRI AKA,** his conduct as a member of the narcotics conspiracy charged in Count One, which includes the reasonably foreseeable conduct of other members of the narcotics conspiracy charged in Count One, involved forty grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B)(vi).



**(Conspiracy to Distribute and Possess with Intent to Distribute Four Hundred Grams or More of a Mixture and Substance Containing a Detectable Amount of Fentanyl,** in violation of Title 21, United States Code, Section 846)

## COUNT TWO

On or about July 1, 2024, within the District of Columbia, the defendant, **SAMUEL DIMITRI AKA**, did unlawfully, knowingly, and intentionally possess with intent to distribute forty grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug-controlled substance.

**(Unlawful Possession with Intent to Distribute Forty Grams or More of a Mixture and Substance Containing a Detectable Amount of Fentanyl**, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(B)(vi))

## FORFEITURE ALLEGATION

1.     Upon conviction of the offenses alleged in Counts One and Two of this Indictment, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of these offenses. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses.

2.     If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

     a.     cannot be located upon the exercise of due diligence;

     b.     has been transferred or sold to, or deposited with, a third party;

     c.     has been placed beyond the jurisdiction of the Court;

     d.     has been substantially diminished in value; or

     e.     has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value
of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a) and (p))

A TRUE BILL:

FOREPERSON.

JEANINE FERRIS PIRRO
United States Attorney

By: _____
    DAVID HENEK
    Chief of VCNT